**YUN XIAN LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2689–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Alexander Kwok–Ho Yu, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey; Leah A. Bynon, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Xian Li, a native and citizen of the People's Republic of China, seeks review of a May 9, 2006 order of the BIA affirming the October 21, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Xian Li*, No. A 97 976 190 (B.I.A. May 9, 2006), *aff'g* No. A 97 976 190 (Immig. Ct. N.Y. City Oct. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Overall, the BIA's and IJ's adverse credibility determinations were supported

by substantial evidence. The record reflects that the IJ accurately identified an inconsistency in Li's testimony regarding the timing of her miscarriage. While this inconsistency was ancillary to her claim that she suffered a forced abortion, it was material to her allegation that she experienced physical deterioration due to hiding to avoid a second abortion. Thus, this factor substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Likewise, the IJ accurately identified inconsistencies in Li's testimony regarding whether she missed her IUD check-ups while she was in hiding, and whether she experienced any problems with the family planning officials while she was in hiding. The IJ reasonably declined to credit Li's explanation that her memory "served her wrong," because she "was in a bad mood." *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

Moreover, the IJ appropriately relied on Li's failure to submit her gynecological check-up booklet, which may have verified that the alleged abortion and IUD insertions took place, as well as any medical documents indicating that she suffered adverse effects from the IUD insertions, to support the adverse credibility determination. *See Xiao Ji Chen*, 434 F.3d at 164 (finding that the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question). In addition, the IJ was not required to show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support her adverse credibility finding. *See id.* at 164 (holding that an IJ need not first identify the particular pieces of missing, relevant evidence, and

show that this evidence was reasonably available to the applicant when the applicant is not otherwise credible).

Although errors have been identified in the IJ's adverse credibility determination, remand would be futile in this case because the IJ's determination is also supported by non-erroneous findings and it can be confidently predicted that those non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See id.*, 434 F.3d at 161–62. Because the only evidence of a threat to Li's life or freedom, or the likelihood that Li would be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).